James CORKE, Appellant,

v.

SAMEIET M. S. SONG OF NORWAY, Royal Caribbean Cruise Line A/S Royal Caribbean Cruise Line, Inc., and Per Oslebye, M.D., Appellees.

No. 421, Docket 77-7462.

United States Court of Appeals, Second Circuit.

Argued Dec. 16, 1977.

Decided March 7, 1978.

Samuel F. Prato, Rochester, N. Y. (Robert K. Marzik, New York City, of counsel), for appellant.

Fenton F. Harrison, Harrison & Gruber, Buffalo, N. Y. (Thomas G. Logan, Buffalo, N. Y., of counsel), for appellees.

Before OAKES and VAN GRAAFEILAND, Circuit Judges, and BARTELS, District Judge.*

OAKES, Circuit Judge:

This is an appeal from a judgment of the United States District Court for the Western District of New York, John T. Elfvin, *Judge*, dismissing appellant's complaint for lack of personal jurisdiction and denying his motion to transfer to the United States District Court for the Southern District of Florida.[1]

Appellant sued for personal injuries sustained during a cruise on the M/S Song of Norway. In his complaint he alleged negligence in appellees' maintenance and upkeep of the vessel and malpractice by the ship's doctor. Since jurisdiction was premised on diversity of citizenship, the Western District of New York was, for venue purposes, a proper district within which to commence the action because appellant resided in Rochester, New York.[2] Appellees sought dismissal, however, on two grounds. First, they asserted that the district court was without personal jurisdiction over them. Second, they claimed that the action was not commenced within one year of the alleged accident, as required by the contract of passage.[3]

The court below dismissed the action without reaching appellees' limitation claim. It held first that it lacked personal jurisdiction over the defendants.[4] The district court then concluded that despite *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), it had no power to transfer the case; accordingly, it denied appellant's motion to transfer. In our view, the district court has misread *Goldlawr*. We think transfer proper and therefore reverse.

Whether the district court had power to transfer this case requires discussion of two features of the action—(1) personal jurisdiction in the transferor court and (2) proper venue in the transferor court. *Goldlawr, Inc. v. Heiman, supra*, a private antitrust case in which personal jurisdiction and venue were both lacking in the Pennsylvania federal court, clearly governs the personal jurisdiction question. Pursuant to 28 U.S.C. § 1406(a), *see* note 1 *supra*, the Pennsylvania federal court transferred the case to the Southern District of New York

---

* Of the Eastern District of New York, sitting by designation.

1. The motion to transfer was premised on 28 U.S.C. §§ 1404(a), 1406(a). Section 1404(a) states:

   For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

   Section 1406(a) reads:

   The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

2. Venue was properly laid pursuant to 28 U.S.C. § 1391(a) which provides:

   A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose.

3. The contractual period within which appellant's claim was required to be brought is arguably legitimated by 46 U.S.C. § 183b(a). However, appellant has several possible counterarguments, including whether he received the ticket prior to the cruise and whether the notice therein was reasonable. 46 U.S.C. § 183b(b) may also furnish a basis for escaping from the one-year time limitation. Resolution of this issue is unnecessary to our decision and is therefore left for future consideration.

4. In view of our disposition of the case, we need not decide whether the district court ruled correctly that neither the New York long arm statute, N.Y.Civ.Prac. § 302(a)(1), (3) (McKinney 1972), nor the doing business statute, *id.* § 301, is satisfied here. We note that appellees solicited some business in New York and may have appointed an agent for that purpose. Additionally, appellant's preliminary arrangements for the cruise were made through the Kodak Recreation Department in Rochester, New York, and a Rochester travel agency.

where personal jurisdiction could be obtained and venue was proper. In holding that the transferor court's lack of personal jurisdiction did not vitiate its power to transfer, Mr. Justice Black wrote for the majority:

> The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not.[5]

The court below simply misinterpreted *Goldlawr.* That case does not make the power to transfer "dependent upon the jurisdiction of the transferor court," *Corke v. Sameiet M. S. "Song of Norway,"* 435 F.Supp. 308, 310 (W.D.N.Y.1977), but rather holds precisely the opposite.[6]

The second aspect of the court's transfer power raises the question of venue. By referring only to "a district in which is filed a case laying venue in the wrong division or district," § 1406(a) suggests that a court's transfer power is conditioned on improper venue. Indeed, Justice Harlan's *Goldlawr* dissent highlighted the peculiarity of Congress' permitting transfer "where *both* venue and jurisdiction are lacking in the district court where the action is commenced, while neglecting to provide any comparable alleviative measures for the plaintiff who selects a district where venue is proper but

where personal jurisdiction cannot be obtained." *Goldlawr, Inc. v. Heiman, supra,* 369 U.S. at 468, 82 S.Ct. at 916 (footnote omitted) (emphasis in original).

However, some of our most distinguished federal judges have interpreted the transfer power to avoid the incongruous result hypothesized by Justice Harlan. On one theory, three circuits have held that the language of § 1406(a) does not require incorrect venue in the 28 U.S.C. § 1391 sense to permit transfer. Writing for the Fifth Circuit in *Dubin v. United States,* 380 F.2d 813, 815 (5th Cir. 1967), District Judge Johnson explained:

> Looking to the language of § 1406, the statute is couched in terms of "laying venue in the wrong division or district." The statute does not refer to "wrong" venue, but rather to venue laid in a "wrong division or district." We conclude that a district is "wrong" within the meaning of § 1406 whenever there exists an "obstacle [to] . . . an expeditious and orderly adjudication" on the merits. Inability to perfect service of process on a defendant in an otherwise correct venue is such an obstacle.

In other words, even though venue was proper in *Dubin,* as it is here, it was laid in a "wrong division or district" because the plaintiff could not obtain personal jurisdiction over the defendant.[7] Judge Mehaffy

---

5. *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466, 82 S.Ct. 913, 916, 8 L.Ed.2d 39 (1962).

6. *Goldlawr, Inc. v. Heiman, supra,* specifically involved a lack of personal jurisdiction. Some cases, however, have found lack of *subject matter* jurisdiction in the transferor court to be fatal. *See* 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3827, at 170 & n. 4 (1976).

7. A leading commentary agrees with the *Dubin* result as "entirely sound," but opines that the best way to reach it is "to apply the Goldlawr principle [allowing transfer when personal jurisdiction is lacking] by analogy to transfers under 28 U.S.C.A. § 1404(a), the statute that allows transfer from one proper venue to another." 15 C. Wright, A. Miller & E. Cooper, *supra* note 6, § 3827, at 171–72 (footnote omitted). It criticizes the reasoning used in *Dubin* as blurring the different concepts of venue and of personal jurisdiction. *Id.* at 172. At least

two circuits have taken the commentary's approach: *United States v. Berkowitz,* 328 F.2d 358, 361 (3d Cir.), *cert. denied,* 379 U.S. 821, 85 S.Ct. 42, 13 L.Ed.2d 32 (1964); *Koehring Co. v. Hyde Constr. Co.,* 324 F.2d 295, 297–98 (5th Cir. 1963); *see* 1 *Moore's Federal Practice* ¶ 0.146[5], at 166–69 & n. 22 (1977). But *Dubin,* while not citing the case from its own circuit, *Koehring,* criticizes the Third Circuit case, *Berkowitz,* for relying on § 1404 since that section "operates where there are two (or more) forums where a suit could be brought and where it could proceed" in order to determine "the *most convenient* forum from among two or more . . . correct ones." 380 F.2d at 816 (emphasis in original). The unsoundness of the *Berkowitz/Koehring* construction may have been implicitly recognized in *Goldlawr, Inc. v. Heiman, supra.* Not only did the dissenters fail to mention that their perceived "incongruity" could be cured by reference to § 1404(a), but the majority did not rebut the

for a unanimous Eighth Circuit panel in *Mayo Clinic v. Kaiser*, 383 F.2d 653, 655–56 (8th Cir. 1967), and more recently Judge Edwards for a unanimous Sixth Circuit Panel in *Taylor v. Love*, 415 F.2d 1118, 1120 (6th Cir. 1969), *cert. denied*, 397 U.S. 1023, 90 S.Ct. 1257, 25 L.Ed.2d 533 (1970), have followed *Dubin's* reasoning.[8]

▆▆ A second basis for permitting transfer in properly venued cases was utilized by Judge Weinfeld in *Volk Corp. v. Art-Pak Clip Art Service*, 432 F.Supp. 1179, 1181 & nn. 4–5 (S.D.N.Y.1977). Judge Weinfeld declined to elect between reliance on 28 U.S.C. § 1404(a) or on § 1406(a). *See* notes 7–8 & accompanying text *supra*. Rather, he noted that the court "has power to transfer the case even if there is no personal jurisdiction over the defendants, and whether or not venue is proper in [the] district, if a transfer would be in the interest of justice."[9] *Volk Corp. v. Art-Pak Clip Art. Service, supra,* 432 F.Supp. at 1181 (footnotes omitted). This reasoning avoids the paradox envisaged by the dissenters in *Goldlawr* from a literal reading of § 1406(a). Moreover, the *Goldlawr* majority's emphasis on the statutory phraseology "in the interest of justice" is reaffirmed. And finally, the analytic difficulties which inhere in both the *Dubin* and *Berkowitz* rationales, *see* note 7 *supra*, are avoided. Thus we conclude that transfer here is permissible[10] and adopt Judge Weinfeld's statement of the law.

The question then becomes whether transfer should be ordered. The answer depends on whether transfer of this case is in the interest of justice. In our view, refusal to transfer would severely prejudice appellant, whereas transfer would work no hardship on appellees. Appellant's prejudice would flow from the Florida statutes of limitations; because appellant's injury occurred on March 27, 1973, and because he left the ship a few days later, the four-year negligence statute, Fla.Stat.Ann. § 95.-11(3)(a) (West 1976), and the two-year malpractice statute, *id.* § 95.11(4)(b), would clearly bar institution of a new action. Alleviating the burden of this type of procedural obstacle was an important purpose behind § 1406(a). *Goldlawr v. Heiman, supra,* 369 U.S. at 467, 82 S.Ct. 913; *Dubin v. United States, supra,* 380 F.2d at 815.[11] Here, transfer would permit appellant to benefit from whatever tolling of those statutes has taken place.[12] Moreover, transfer would apparently enable appellant to obtain personal jurisdiction over some or all of the defendants.[13]

At the same time, appellees' position on the merits would not be prejudiced. They could certainly move for summary judgment based upon the one-year time bar allegedly contained in the passenger ticket. *See* notes 3 & 12 *supra*. If the case proceeds to trial, they obviously would be free

dissent's "incongruity" point by such a reference.

8.  *Taylor v. Love*, 415 F.2d 1118, 1120 (6th Cir. 1969), *cert. denied*, 397 U.S. 1023, 90 S.Ct. 1257, 25 L.Ed.2d 533 (1970), was cited with approval in *Smith v. Peters*, 482 F.2d 799, 803 (6th Cir. 1973), *cert. denied*, 415 U.S. 989, 94 S.Ct. 1587, 39 L.Ed.2d 886 (1974). 15 C. Wright, A. Miller & E. Cooper, *supra* note 6, § 3827, at 172 n. 9, erroneously characterizes *Smith* as relying on § 1404(a).

9.  Judge Weinfeld apparently read §§ 1404(a) and 1406(a) together and placed a judicial gloss on the statutory language, thereby curing Congress' defective draftsmanship.

10.  Leading commentators apparently agree at least with the result reached. *See 1 Moore's Federal Practice, supra* note 7, ¶ 0.145[4.–5], at 1611 & n. 23, 1612 & nn. 25 & 26, ¶ 0.146[5], at

1667–69; 15 C. Wright, A. Miller & E. Cooper, *supra* note 6, § 3827, at 171; note 7 *supra*.

11.  *See Burnett v. New York Cent. R.R. Co.*, 380 U.S. 424, 430 n. 7, 85 S.Ct. 1050, 1055, 13 L.Ed.2d 941 (1965) ("Numerous cases hold that when dismissal of an action for improper venue would terminate rights without a hearing on the merits because plaintiff's action would be barred by a statute of limitations, 'the interest of justice' requires that the cause be transferred.") (citations omitted).

12.  If appellees are correct that the one-year limitation in the ticket governs, *see* note 3 & accompanying text *supra*, tolling of the Florida statutes, of course, would be immaterial.

13.  One defendant, Royal Caribbean Cruise Line, Inc., the general sales agent for the vessel's owner, is a Florida corporation.

to seek to establish the other defenses raised in their answer. Thus, the transfer in no way prejudices appellees while it prevents a substantial injustice to appellant.

Because transfer is so clearly warranted by the facts at hand, it is unnecessary to waste the district court's valuable time by requiring a hearing on transferability. We therefore reverse and remand with directions to transfer the action to the district court for the Southern District of Florida.

Reversed and remanded with directions.