**Curtis CRASE, Plaintiff–Appellant,**

v.

**ASTROWORLD, INC., et al., Defendants–Appellees.**

No. 90–3811
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 23, 1991.

Brian G. Sherman, Lawrence D. Wiedermann, Wiedemann & Wiedemann, New Orleans, La., for plaintiff-appellant.

Michael M. Christovich, John K. Leach, Christovich & Kearney, New Orleans, La., for defendants-appellees.

Before KING, GARWOOD and DUHÉ, Circuit Judges.

PER CURIAM:

On June 7, 1988, plaintiff-appellant Curtis Crase (Crase) allegedly injured himself at the Astroworld amusement park in Houston, Texas. Crase acknowledged in deposition testimony that he became "im-mediately" aware both of the occurrence of the alleged tortious act and the fact that he sustained injuries from the accident. Almost two years later, on June 5, 1990, he filed a diversity action in the Eastern District of Louisiana against the owners/operators of the park, defendants-appellees Astroworld, Inc. and Six Flags Corporation (the defendants). The defendants moved for summary judgment on the ground that Louisiana's one-year prescriptive period for tort actions applied to bar Crase's suit.

Crase contends, on appeal, that the district court erred by failing to apply Texas' two-year statute of limitations in this case. He argues, moreover, that the district court should have transferred the suit to Texas. We find no merit to his arguments and therefore affirm the judgment of the district court.

## I.

Crase argues that the Louisiana choice-of-law rules (which, under the *Erie* doctrine the district court is bound to apply),[1] dictate that the law of the state with the greater interest in the case should apply.[2] Thus, he argues, because the alleged injury and alleged negligence occurred in Texas, and because the defendants are principally domiciled in Texas, and the only connection that Louisiana has with the action is that Crase resides in Louisiana, Texas has a greater interest in the case and therefore Texas law should apply.

This court has stated, however, that the "interest analysis" principles "were not intended to apply to questions of prescription or statute of limitations." *Rohde v. Southeastern Drilling Co.,* 667 F.2d 1215, 1219 (5th Cir.1982). Louisiana courts customarily apply the law of the forum to the issue of limitations;[3] therefore, we find that Louisiana's one-year law of prescription applies in this case. Even the court in *Santos* recognized that, because "Louisiana

---

1. *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

2. *See Santos v. Sacks,* 697 F.Supp. 275, 282–83 (E.D.La.1988) (enunciating and following "interest analysis" approach to choice-of-law issue).

3. *See Rohde,* 667 F.2d at 1219.

choice of law views statutes of limitations as a procedural rule," distinct from substantive rules which are selected according to the interest analysis principles, "a Federal District Court in Louisiana must apply Louisiana's prescriptive periods in a diversity action." 697 F.Supp. at 284. We hold, therefore, that because the suit was not instituted within one year after the cause of action arose, the Louisiana law of prescription bars Crase from maintaining this action.

## II.

Crase argues, in the alternative, that the district court abused its discretion by dismissing the case rather than transferring it to a Texas forum.[4] The relevant provision for such a transfer is 28 U.S.C. § 1404(a), which states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." We find no abuse of discretion, because even if the district court had transferred the case, the outcome would have been identical. The Supreme Court recently held in *Ferens v. John Deere Co.,* — U.S. —, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990), that where an action is transferred from one federal court to another under 28 U.S.C. § 1404(a),[5] the transferee court

must apply the choice-of-law rules of the transferor court regardless of whether the plaintiff or defendant initiates the transfer. Consequently, even if this action had been transferred to Texas, the Texas federal court would have had to apply Louisiana's one-year prescriptive period similarly barring the action.

## III.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

4. If Crase were to refile the action in Texas, assuming that under Texas' choice-of-law rules the Texas two-year statute of limitations would apply, the action would now be barred under that statute because more than two years have elapsed since the cause of action arose.

5. Crase implies that the case could have been transferred under a different provision of the United States Code, 28 U.S.C. § 1406(a), which provides for transfers, in the interest of justice, of cases "laying venue in the wrong division or district...." In support of his contention, Crase cites a D.C. Circuit case that briefly stated that the defects intended to be cured by transfers under § 1406(a) include not only improper venue, but also lack of personal jurisdiction *and* statute of limitations bars. *See Sinclair v. Kleindienst,* 711 F.2d 291, 294 (D.C.Cir.1983).

With respect to statutes of limitations, we find this statement to be erroneous. The case cited by the D.C. Circuit in support of the proposition that § 1406(a) may be used to cure statute of limitations defects said no such thing. In that

case, *Dubin v. United States,* 380 F.2d 813 (5th Cir.1967), this court construed § 1406(a) to provide a remedy where venue was laid in an otherwise correct district except that the court could not obtain personal jurisdiction over the defendant. The defect in that case did not relate to a statute of limitations, and we did not state that Congress intended § 1406(a) to provide a cure for statute of limitations defects.

We note, moreover, a policy distinction for § 1406(a) purposes between statute of limitations defects and venue defects to which the Supreme Court alluded in *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). In that case, the Court implied that diligent plaintiffs can avoid statute of limitations defects, stating that statutes of limitations are intended to insure "proper diligence" on the part of plaintiffs. On the other hand, as the Court noted, plaintiffs often cannot avoid "erroneous guess[es] with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." *Id.* at 466, 82 S.Ct. at 915.