**SPAR, INC. and Spar Marketing Services, Inc., Plaintiffs–Appellants,**

**v.**

**INFORMATION RESOURCES, INC., Defendant–Appellee.**

**No. 770, Docket 91–7907.**

United States Court of Appeals, Second Circuit.

Argued Jan. 9, 1992.

Decided Feb. 11, 1992.

Mark Abramowitz, New York City (Bruce G. Paulsen, Parker Chapin Flattau & Klimpl, of counsel), for plaintiffs-appellants.

Elizabeth D. Sharp, Chicago, Ill. (Leland W. Hutchinson, Jr., Freeborn & Peters, Chicago, Ill., James M. Keneally, Buchwald & Kaufman, New York City, of counsel), for defendant-appellee.

Before ALTIMARI, MAHONEY and WALKER, Circuit Judges.

ALTIMARI, Circuit Judge:

Plaintiffs-appellants Spar, Inc. and Spar Marketing Services, Inc. (collectively "Spar") appeal from a judgment entered in the United States District Court for the Southern District of New York (Gerard L. Goettel, *Judge*), dismissing the underlying action as a result of a statute of limitations bar. *See* Fed.R.Civ.P. 12(b)(6). The sole issue on appeal is whether the district court erred by refusing to grant Spar's motion for a transfer of venue to the Northern District of Illinois, pursuant to 28 U.S.C. § 1406. Although venue was properly laid in the Southern District of New York, Spar claimed that a § 1406 transfer was warranted because Illinois' longer limitations period would enable Spar to pursue the action on the merits. The district court

rejected this argument, concluding that section "1406(a) does not apply." The court made no finding as to whether Illinois would apply its own five-year statute of limitations, rather than New York's three-year statute of limitations, if the action were transferred under § 1406.

For the reasons set forth below, we affirm the judgment of the district court.

## BACKGROUND

Spar, Inc. and its affiliate Spar Marketing Services, Inc. develop and market computer software which enables companies to evaluate their success in marketing consumer products. Defendant-appellee Information Resources, Inc. ("IRI") is a direct competitor of Spar.

On April 15, 1991, Spar initiated an action against IRI in the Supreme Court for the State of New York, claiming that IRI tortiously induced a Spar employee, Thomas E. Dailey, to breach his employment contract. According to the complaint, Dailey was a member of Spar's senior management from 1985 to 1986 and was involved in virtually all aspects of Spar's business, including software development. The complaint further states that upon joining Spar, Dailey entered into an employment agreement in which he agreed not to "become an employee of or work as an independent contractor for any competitor of Spar" for two years following termination of his employment with Spar. IRI was specifically listed as one such competitor. Notwithstanding the language of the agreement, on March 28, 1986, Dailey announced that he had accepted a position with IRI as a Vice–President. Shortly thereafter, on April 14, 1986, Dailey commenced employment with IRI. Spar claims that in his capacity as an IRI Vice President, Dailey was responsible for developing and promoting two new IRI products, InfoScan and PromotionScan, which directly competed with similar Spar products. Thus, Spar alleged that IRI induced Dailey to breach his employment contract "by assigning him to a position that required him to directly compete with [Spar] and to solicit present and former customers of [Spar]." Spar initiated its action against IRI over five years after Dailey gave notice that he was leaving Spar (or one day more than five years after Dailey commenced employment with IRI).

Approximately one month after Spar filed its complaint in state court, IRI removed the action to the United States District Court for the Southern District of New York. IRI then moved to dismiss the complaint, arguing that New York's three-year statute of limitations for tortious interference claims barred the action. In response, Spar cross-moved to transfer the action to the Northern District of Illinois on grounds of *forum non conveniens, see* 28 U.S.C. § 1404, or improper venue, *see* 28 U.S.C. § 1406. Ruling from the bench, Judge Goettel denied the motion to transfer and dismissed the complaint. The court found that venue was proper and that the applicable limitations period had expired, barring Spar's claim. Spar now brings this appeal.

## DISCUSSION

Spar's sole contention on appeal is that the district court erred in concluding that a transfer to the Northern District of Illinois was not warranted under § 1406. According to Spar, § 1406 permits a court to transfer an action—notwithstanding proper venue—if there exists a procedural impediment to resolution of the action in the transferor district, but not in the potential transferee district. While we believe that § 1406 should be read liberally, we cannot conclude that Spar, whose own failure to pursue its claim diligently and to research New York's statute of limitations has resulted in a procedural bar, should be permitted to transfer the action and essentially forum shop.

Section 1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Despite the section's language suggesting that a § 1406 transfer should be made only if venue is laid in the wrong district, courts have read § 1406 broadly to allow transfers from districts in which venue was properly laid. *See Porter v. Groat*, 840 F.2d 255, 257–58 (4th Cir.1988); *Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77, 79–80 (2d Cir.1978); *Taylor v. Love*, 415 F.2d 1118, 1120 (6th Cir.1969), *cert. denied*, 397 U.S. 1023, 90 S.Ct. 1257, 25 L.Ed.2d 533 (1970); *Mayo Clinic v. Kaiser*, 383 F.2d 653, 654–55 (8th Cir.1967); *Dubin v. United States*, 380 F.2d 813, 815–16 (5th Cir. 1967); *cf. Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466, 82 S.Ct. 913, 915–16, 8 L.Ed.2d 39 (1962) (encouraging a broad reading of § 1406). Generally, in cases in which a § 1406 transfer has been permitted notwithstanding proper venue, the transfer has enabled the parties to surmount an obstacle, such as lack of jurisdiction, which would have precluded suit in the transferor district. *See, e.g., Corke*, 572 F.2d at 80; *Dubin*, 380 F.2d at 816. As we explained in *Corke*, even if venue is properly laid in a particular district, a § 1406 transfer may be permissible if such a transfer " 'would be in the interest of justice.' " 572 F.2d at 80 (quoting *Volk Corp. v. Art–Pak Clip Art. Serv.*, 432 F.Supp. 1179, 1181 & nn. 4–5 (S.D.N.Y.1977) (Weinfeld, J.)).

Here, Spar claims that a § 1406 transfer would be in the interest of justice since it would permit an adjudication of the suit on the merits.[1] To support its argument, Spar cites *Porter v. Groat*, in which the Fourth Circuit held, in a case akin to the case at bar, that § 1406(a) "authorizes the transfer of a case to any district, which would have had venue if the case were originally brought there, for any reason which constitutes an impediment to a decision on the merits in the transferor district but would not be an impediment in the transferee district." *Porter*, 840 F.2d at 258. Specifically, the court permitted plaintiffs to transfer their case from the Eastern District of Virginia, where it was barred on statute of limitations grounds, to the Eastern District of North Carolina, where it

was still within the applicable limitations period, even though venue had been properly laid in the Eastern District of Virginia. *See id.* The court premised its decision on the line of cases following *Goldlawr*, which broadly interpreted § 1406.

Although we do not dispute that § 1406 should be read broadly in many circumstances, we cannot accept the Fourth Circuit's analysis that in *all cases* in which there is a procedural bar to suit in the transferor district, but not in the transferee district, the action should be transferred. Instead, we still believe that a district court should consider whether a transfer would be in the interest of justice and that we should afford the court's determination due deference. *See Corke*, 572 F.2d at 80.

Upon reviewing the facts, we conclude that allowing a transfer in this case would reward plaintiffs for their lack of diligence in choosing a proper forum and thus would not be in the interest of justice. *See, e.g., Dubin*, 380 F.2d at 816 n. 5 ("It is obviously not 'in the interest of justice' to allow [§ 1406] to be used to aid a non-diligent plaintiff who knowingly files a case in the wrong district."). In *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466, 82 S.Ct. 913, 915–16, 8 L.Ed.2d 39 (1962), the Supreme Court concluded that Congress enacted § 1406 to avoid "the injustice which ha[s] often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." The implication of the Court was that plaintiffs who were diligent in initiating suit should not forfeit their action as a result of venue quirks of which responsible plaintiffs would not necessarily have known. The Court concluded that justice requires such a result.

In this case, Spar seeks to avoid a statute of limitations defect through a transfer of venue. Initially, we note that a statute of limitations is far from an elusive fact unknown to a reasonable plaintiff—our sys-

---

**1.** For purposes of this argument, we accept Spar's contention that this action would not be

barred in Illinois. However, we express no view as to whether this is in fact the case.

tem virtually mandates that a responsible plaintiff be aware of applicable limitations periods. *See, e.g., Crase v. Astroworld, Inc.,* 941 F.2d 265, 267 n. 5 (5th Cir.1991) (per curiam) ("In [*Goldlawr*], the Court implied that diligent plaintiffs can avoid statute of limitations defects, stating that statutes of limitations are intended to insure 'proper diligence' on the part of plaintiffs."). Apart from this, we find that Spar had ample opportunity to bring this action within the limitations period. The facts and circumstances underlying Spar's claim were plainly evident within New York's prescribed time frame. Indeed, Spar initiated a related action against Dailey in May 1986 in New York Supreme Court and there pleaded the same facts as in this case. It is therefore clear that Spar could easily have filed its claim against IRI before New York's three-year limitations period had run. Moreover, we note that if Spar's cause of action accrued when Dailey informed it that he was accepting a position with IRI, then Spar's cause of action would be barred by even Illinois' more generous statute of limitations—if it was to be applied. Thus, based on the foregoing, we cannot conclude that justice requires that plaintiffs should be spared the consequences of their own failure to pursue their claim and to research whether their cause of action was time barred in New York.

Furthermore, we believe that plaintiffs' attempt to transfer the case was, in some respect, forum shopping. Certainly, "a plaintiff already has the option of shopping for a forum with the most favorable law," *Ferens v. John Deere Co.,* 494 U.S. 516, 527, 110 S.Ct. 1274, 1282, 108 L.Ed.2d 443 (1990), before it makes a decision to initiate an action in a particular district. Once a plaintiff has commenced its action, however, its opportunity to search for a more conducive forum ordinarily is concluded. While § 1406 has been read to allow some plaintiffs to rectify their errant choice of forums, it should not operate automatically to give a plaintiff an additional opportunity to select the district of litigation. "The 'interest of justice' analysis is 'not a vehicle

for resurrecting a claim lost because the plaintiff erred in [its] initial choice of forums.'" *Murphy v. Klein Tools, Inc.,* 693 F.Supp. 982, 988 (D.Kan.1988) (quoting *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 221 (7th Cir.1986)). Indeed, the Supreme Court has expressed concern over the forum shopping which may attend a plaintiff-initiated venue transfer based on *forum non conveniens.* In *Ferens v. John Deere Co.,* the Court held that following a plaintiff-initiated § 1404 transfer, the transferee court was bound to apply the law of the transferor court, including its statute of limitations. The Court stated that, "[a]n opportunity for forum shopping exists whenever a party has a choice of forums that will apply different laws. The *Van Dusen* policy against forum shopping simply requires us to interpret § 1404(a) in a way that does not create an opportunity for obtaining a more favorable law by selecting a forum through a transfer of venue." *Ferens,* 494 U.S. at 527, 110 S.Ct. at 1282; *see Van Dusen v. Barrack,* 376 U.S. 612, 639, 84 S.Ct. 805, 820–21, 11 L.Ed.2d 945 (1964) (following "defendant-initiated" § 1404 transfer, transferee court must follow transferor court's choice of law rules). While the holding of *Ferens* was limited to § 1404, it nevertheless indicates the Supreme Court's disapproval of the forum shopping that can result from a change of venue. Here, we believe that plaintiff's failure to shop diligently before the action's inception is no reason to allow it now to "bargain hunt."

## CONCLUSION

Based on the foregoing, we affirm the judgment of the district court dismissing the action.

WALKER, Circuit Judge, dissenting.

The panel decision in this case needlessly punishes the plaintiffs for their lawyer's mistake,[1] despite the fact that 28 U.S.C. § 1406 is designed to prevent technical obstacles from standing in the way of adjudications on the merits, despite the fact that a contrary ruling would raise no forum

---

**1.** Counsel of record for Spar on the appeal did     not represent it in the court below.

shopping concerns, and despite the fact that the purpose of statutes of limitations would not be undermined by allowing a transfer in this case. I dissent.

Spar sued IRI alleging that IRI had tortiously interfered with Spar's contract with Dailey, a top Spar employee who went to work for IRI in apparent violation of a non-competition clause in his employment contract with Spar. Spar filed its claim in state court in New York. IRI removed the action to federal court. After removal to the District Court for the Southern District of New York, IRI moved to dismiss on the ground that New York's three year statute of limitations had run. Spar then cross moved under § 1406(a) for transfer to the Northern District of Illinois (where IRI's corporate headquarters was located) on the ground that Illinois' statute of limitations (5 years) had not yet run. The district court ruled that § 1406 transfer is only available where venue is improper or personal jurisdiction is lacking, and thus denied the motion. The majority would affirm on the ground that Spar has not satisfied the requisites for transfer under § 1406.

28 U.S.C. § 1406(a) provides that:

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Thus, there are two questions that must be asked in evaluating this transfer motion. (1) was venue laid in the "wrong division or district"? and (2) is transfer in the interests of justice?

The majority apparently concedes that the district court erred when it held that "§ 1406(a) does not apply" and agrees that where venue and personal jurisdiction are proper in the district court, but the statute of limitations has run, then venue has been laid in the "wrong division or district." *See Porter v. Groat*, 840 F.2d 255, 258 (4th Cir.1988). Accordingly, the remaining question is whether transfer is in the interest of justice.

The panel suggests that the district court's determination in this respect is entitled to deference. *Supra* at 394. While I agree with this as a general proposition, it has no relevance to this case. The district court denied the transfer motion because the court concluded, incorrectly, that the case had not been brought in the wrong division or district. The district court never considered whether the interests of justice favored a transfer. Thus, there is nothing to defer to. After reviewing the facts, I believe that transfer is in the interests of justice.

First, the substantive goals that are served by statutes of limitations, notice of claim and litigation repose, are not at stake. As the Supreme Court stated in *Goldlawr v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), "[w]hen a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply. The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure." *Id.* at 466–67, 82 S.Ct. at 916. Thus, the majority's contention that the plaintiffs have not been diligent is untenable. On plaintiffs' facts, the case was filed as diligently as Illinois' five year statute of limitations requires.

The majority's view of Spar's transfer motion is anchored in the fact that Spar's lawyer was not diligent in analyzing New York's statute of limitations. But "justice" does not require us to punish the plaintiffs for their lawyer's lack of diligence unless the defendant is prejudiced thereby or there is reason to believe that the lawyer's mistake was not a lack of diligence but rather an attempt to gain an advantage. Here, neither of those concerns apply.

IRI would not be prejudiced by allowing the transfer under § 1406. On the facts alleged by Spar, IRI has been put on notice of the lawsuit as promptly as Illinois law would require. That New York would require even more promptness is not relevant to whether IRI would be prejudiced—IRI's repose interest can not vest until the statutes of limitation have run in every state

where IRI might be sued. Moreover, since Spar has shown diligence, and since IRI is not prejudiced, the purposes of statutes of limitation are not at stake in this case.

Nor is there any reason to think that the lawyer's apparent mistake was actually a clever attempt to achieve an advantage. Spar filed in state court. Had IRI not removed the case to federal court, Spar would never have had the opportunity to seek a § 1406(a) transfer, and thus the case would have been dismissed. Thus, Spar could not have had some Machiavellian plan to file in New York with the intent to later transfer to Illinois.

Further, the majority's concern that a contrary decision would promote forum shopping is misplaced. No plaintiff would ever have an incentive to proceed as Spar did here, since nothing is gained by filing in the wrong forum and then moving to transfer. Under § 1406, transferee law applies, just as it would had plaintiff originally filed his case in the transferee forum.

In sum, the panel's rule unnecessarily punishes careless lawyering at the expense of what we must assume to be a meritorious claim, even though this case raises no forum shopping concerns, the policies of the transfer statute would be served by transfer, the defendant is not prejudiced by the transfer, and the plaintiffs have shown diligence. I think we should reverse the district court and order this case transferred to Illinois. At the very least, since we all seem to agree, contrary to the district court's decision, that § 1406(a) applies in this case, we should remand to the district court to allow that court to consider whether the interests of justice favor transfer.

I dissent.