F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**DEC 19 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BARRY F. KEAVENEY,

      Plaintiff-Appellant,

v.

BISBEE, AZ, POLICE OFFICER
LARIMER; JANE DOE LARIMER;
BISBEE, AZ, POLICE OFFICER
BAGBY; JANE DOE BAGBY;
BENNIE SCOTT, Bisbee, AZ, Police
Detective; JANE DOE SCOTT;
BISBEE, AZ, POLICE CHIEF
ELKINS; JANE DOE ELKINS; TOM
WHEELER, Former Mayor; JANE
DOE WHEELER,

      Defendants-Appellees.

No. 00-2213
(D.C. No. CIV-00-164 LCS)
(Dist. N.M.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

---

    [*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Barry Keaveney filed this action under 42 U.S.C. § 1983 against four police officers, the former mayor of Bisbee, Arizona, and their wives. He alleged violations of his First, Second, Fourth, and Fourteenth Amendment rights. This case stems from an ongoing dispute between Keaveney and the government of Bisbee that has already been the subject of a lawsuit in Arizona state court. The Scotts, Elkinses, and Wheelers, among the defendants in this case, were defendants in the Arizona case as well. They were dismissed from the state case because the statute of limitations had run. The record does not show how the case terminated as to the other Arizona defendants.

Keaveney brought this action in the District of New Mexico, where he now resides. After Defendants informed him that they were not subject to personal jurisdiction in New Mexico, he moved to transfer the case to the District of Arizona. The district court denied this motion and dismissed the case without prejudice, noting that Keaveney had presented no "basis for a reasonable belief that this Court could obtain personal jurisdiction over any of the Defendants" and that the case appeared to be futile because of the prior state lawsuit. Keaveney filed a motion for reconsideration, essentially arguing that he had not been aware of the requirements of personal jurisdiction.[1] The district court denied this motion

_____

[1]In his reply to Defendants' opposition to that motion, Keaveney also asserted that Arizona's statute of limitations is unconstitutional. The district court
(continued...)

as well, noting that Fed. R. Civ. P. 4(k) put Keaveney on notice of these requirements.

We construe Keaveney's pro se appeal as challenging the district court's denial of his motions to transfer and for reconsideration. Although his brief also seems to argue the merits of his lawsuit, without personal jurisdiction over Defendants we may not consider these arguments. See OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1090 (10th Cir. 1998).

When a case is filed in the wrong venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such a case" to the proper venue. 28 U.S.C. § 1406(a). We review the decision to dismiss rather than transfer for clear abuse of discretion. See Cote v. Wadel, 796 F.2d 981, 985 (7th Cir.1986). There is no dispute that New Mexico was the wrong venue in this case, since the defendants reside in Arizona and all of the relevant events took place there. See 28 U.S.C. § 1391(b). As we have previously noted, other circuits have recognized that it is not a clear abuse of discretion for the district court to deny a transfer where "a plaintiff either realized or should have realized that the forum in which he or she filed was improper." Trierweiler v. Croxton & Trench Holding Corp., 90 F.3d 1523, 1544 (10th Cir. 1996); see also, e.g., Nichols v. G.D. Searle & Co.,

---

[1](...continued)
did not address this argument.

991 F.2d 1195, 1202 (4th Cir. 1993); <u>Spar, Inc. v. Information Res.</u>, 956 F.2d 392, 395 (2d Cir. 1992); <u>Cote</u>, 796 F.2d at 985. This is so even if the statute of limitations would now prevent the plaintiff from filing in the proper forum. <u>See, e.g.</u>, <u>Cote</u>, 796 at 985.[2] We therefore affirm the district court's decision to dismiss the case rather than transfer it.

Keaveney's pro se status does not excuse his obligation to comply with the procedural rules, including jurisdiction and venue, that apply to all litigants. <u>Cf. Ogden v. San Juan County</u>, 32 F.3d 452, 455 (10th Cir. 1994). This is not a case in which jurisdiction and venue turned on "the existence of some elusive fact" about which Keaveney made an "erroneous guess." <u>Cf. Goldlawr, Inc. v. Heiman</u>, 369 U.S. 463, 466, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962). Rather, the error here was obvious. This is not to say that the district court could not have transferred Keaveney's case had it chosen to do so. We hold only that when a plaintiff "has committed an obvious error and the district court does not find that the transfer would serve the interest of justice, we will not disturb its exercise of discretion." <u>Cf. Nichols</u>, 991 F.2d at 1202 n.6.

We review the denial of a motion for reconsideration for abuse of discretion. <u>See Webber v. Mefford</u>, 43 F.3d 1340, 1345 (10th Cir. 1994). Because

---

[2]We express no opinion on whether Arizona's statute of limitations would now bar Keaveney's action. We also decline to address Defendants' argument that this case is precluded by the Arizona lawsuit.

it was filed within ten days of the district court's order dismissing the complaint, we construe the motion as one to alter or amend a judgment under Fed. R. Civ. P. 59(e). See id. We affirm the denial of this motion for substantially the reasons stated by the district court. We note Keaveney submitted several new exhibits, three statements that he had made to police and two Arizona statutes. Even if these exhibits could be characterized as newly discovered evidence, which we doubt, they are not relevant to the district court's disposition of the case.

We therefore AFFIRM the district court's orders.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge