George M. PANCOAST and Charlotte Pancoast, Plaintiffs–Appellants,

v.

Patti LEE, Roy Britt, Bennet Motor Express, Travis Bogush and Pinnacle Transportation Systems, Defendants–Appellees.

No. 07–5059–cv.

United States Court of Appeals, Second Circuit.

Jan. 13, 2009.

Murray J. Kessler, New Milford, CT, for Plaintiffs–Appellants.

Karen L. Karpie, Murphy and Karpie, LLC, Bridgeport, CT, Andrew S. Turret, New Haven, CT, for Defendants–Appellees.

Present: Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges, Hon. JOHN F. KEENAN, District Judge.[1]

**SUMMARY ORDER**

Plaintiffs George and Charlotte Pancoast appeal from a judgment entered in the United States District Court for the District of Connecticut (Dorsey, *J.*), dismissing their complaint for lack of personal jurisdiction. The complaint alleged personal injuries sustained in a motor vehicle accident in Pennsylvania after the Connecticut couple's car swerved to avoid debris from a collision among the defendants. None of the defendants is alleged to reside or do business in Connecticut.

Defendants moved to dismiss for lack of personal jurisdiction, or, in the alternative, to dismiss for improper venue or transfer venue to Pennsylvania pursuant to 28 U.S.C. § 1406(a). In opposition, plaintiffs maintained that jurisdiction was proper under the Connecticut long-arm statute, "or in the alternative . . . venue should be transferred as the court deems fit." After the motion was fully submitted, but before it was decided, the time for plaintiffs to bring suit in Pennsylvania expired under the state's statute of limitations.

The district court correctly determined that it lacked personal jurisdiction over the case. Dismissing on this ground, the court stated that it "need not reach the questions regarding venue" and suggested that the issue was moot. From this, it is unclear whether the district court realized its authority, notwithstanding the absence of personal jurisdiction, to transfer the case pursuant to § 1406(a) if the interests of justice so require. *See SongByrd, Inc. v. Estate of Grossman,* 206 F.3d 172, 179 n. 9 (2d Cir.2000). Given that both sides requested a transfer, albeit briefly and in the alternative, we remand for the district court to consider whether one would serve the interests of justice in light of the relevant circumstances. *See Corke v. Sameiet M.S. Song of Norway,* 572 F.2d 77, 80 (2d

---

1. The Honorable John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

Cir.1978); *Spar, Inc. v. Info. Res., Inc.,* 956 F.2d 392 (2d Cir.1992).

Accordingly, the judgment of dismissal is **VACATED AND REMANDED.**