*Brady v. IGS Realty Co. L.P.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand twenty-one.

Present:
>     DEBRA ANN LIVINGSTON,
>          *Chief Judge,*
>     DENNY CHIN,
>     WILLIAM J. NARDINI,
>          *Circuit Judges.*

_____

JAMES H. BRADY,

>     *Plaintiff-Appellant*,

>     v.                                                                 20-3512

IGS REALTY CO. L.P., DBA IGS REALTY CO.,
PHILIPPE IFRAH,

>     *Defendants-Appellees*.

_____

| | |
|---|---|
| For Plaintiff-Appellant: | JAMES H. BRADY, *pro se*, Wyckoff, NJ. |
| For Defendants-Appellees: | GREGORY SHEINDLIN, Esq., Law Office of Gregory Sheindlin, PLLC, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Engelmayer, *J.*; Wang, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant James H. Brady ("Brady") appeals from the district court's grant of the Defendants-Appellees' motion to dismiss, dismissing (1) Brady's common law claims regarding his lease of the Defendants-Appellees' building (the "Lease Claims") and (2) Brady's claims that a prior state-court verdict was the product of a civil conspiracy (the "Fraudulent Verdict Claims"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I.      **The Lease Claims**

We review the district court's grant of the Defendants-Appellees' motion to dismiss *de novo*. *Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018); *Darnell v. Pineiro*, 849 F.3d 17, 22 (2d Cir. 2017). The *Rooker-Feldman* doctrine holds that federal district courts lack subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). For the *Rooker-Feldman* doctrine to apply, the federal court plaintiff: (1) must have lost in state court, (2) must complain of injuries caused by a state-court judgment, and (3) must invite district court review and rejection of that judgment, which (4) must have been rendered before the district court proceedings commenced. *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).

The district court properly held that the *Rooker-Feldman* doctrine deprived it of jurisdiction over the Lease Claims, as each of the four elements of the test is met. Regarding the first and fourth elements, in 2009, IGS Realty Co. L.P. ("IGS") sued Brady in New York state court to enforce Brady's personal guarantees of certain leases that his companies had signed with IGS. Brady lost that action in May 2017 when, following a jury trial, the state court entered an amended final judgment in IGS's favor—more than two years before Brady brought his federal lawsuit in October 2019. The second *Rooker-Feldman* factor is established as well. Brady's primary allegation is that the state court incorrectly ruled in favor of IGS and Philippe Ifrah (collectively, the "IGS Defendants") and, consequently, he "was forced to pay IGS Realty $1,705,535.71." App'x at 16. Brady's complaint therefore seeks relief for injuries caused by the state-court judgment. *Exxon Mobil Corp*, 544 U.S. at 284. Finally, with respect to the third *Rooker-Feldman* requirement, Brady's complaint alleges that the leases' validity "need[ed] to be adjudicated in the District Court" because the state court never adjudicated the personal guarantees' enforceability. App'x at 18–21. But Brady presented the issue of the leases' enforceability to the jury during the state-court litigation, and the jury rejected each of Brady's defenses and counterclaims when it found him liable under the leases' personal guarantees. The district court therefore properly dismissed the Lease Claims as barred by the *Rooker-Feldman* doctrine.

## II. The Fraudulent Verdict Claims

Brady alleges that the IGS Defendants, his attorneys in the state-court litigation, and the state-court justice who presided at the trial engaged in a "civil conspiracy" to fraudulently induce him to surrender the premises covered by the leases, to tortiously interfere with the leases, and to

interfere with his constitutional rights in violation of 42 U.S.C. § 1985(2). The district court dismissed each of those claims pursuant to Fed. R. Civ. P. 12(b)(6).

We review such dismissals *de novo*. *Libertarian Party of Erie Cnty. v. Cuomo*, 970 F.3d 106, 121 (2d Cir. 2020). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). We construe a *pro se* complaint liberally and "with special solicitude, interpreting the complaint to raise the strongest claims that it suggests." *Williams v. Correction Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) (internal citation and quotation marks omitted).

When plaintiffs bring state-law claims in federal court, "the timeliness of those claims is also a matter of state law." *Conn. Gen. Life Ins. Co. v. BioHealth Lab'ys, Inc.*, 988 F.3d 127, 136 (2d Cir. 2021). In New York, the statute of limitations for fraud claims, including fraud in the inducement, begins running "six years from commission of the fraud or two years from discovery, whichever is longer." *Triangle Underwriters, Inc. v. Honeywell, Inc.,* 604 F.2d 737, 746 (2d Cir. 1979); *see also* N.Y. C.P.L.R. § 213(8). A claim for tortious interference with a contract has a three-year statute of limitations. *Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 395 (2d Cir. 1992); *Kronos, Inc. v. AVX Corp.*, 81 N.Y.2d 90, 92 (1993).

The district court properly dismissed Brady's fraudulent inducement and tortious interference claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Brady's fraudulent inducement and tortious interference claims are premised on conduct that transpired in 2009.

4

Because Brady filed his complaint in October 2019, both claims are time-barred under New York law.

The district court also properly held that Brady failed to state a claim under § 1985(2) based on his attorneys' alleged collusion with the state-court justice and the defendants during the state-court case. Section 1985(2) provides plaintiffs with a cause of action, in pertinent part, where "two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws . . . ." 42 U.S.C. § 1985(2). "In order to maintain an action under Section 1985, a plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003) (internal quotation marks omitted). A plaintiff asserting such a claim must allege, among other things, that the conspiracy involving a state judicial proceeding was motivated by discriminatory animus. *Herrmann v. Moore*, 576 F.2d 453, 458 (2d Cir. 1978).

On appeal, Brady asserts in a conclusory manner that his complaint adequately pleads the existence of a conspiracy between the IGS Defendants, the attorneys who represented him in the state litigation, and the state-court justice who presided at the trial. But Brady's complaint merely restates the elements of § 1985(2) and vaguely references a "civil conspiracy" without any facts supporting a meeting of the minds or alleging discriminatory animus. App'x at 71–72. His allegations of an effort by a state-court justice and both parties' attorneys to undermine his litigation do not state a claim for relief that is "plausible on its face." *Twombly*, 550 U.S. at 570.

5

The district court therefore properly dismissed his claim under § 1985(2) for failure to state a claim.

**III.     Leave to Amend**

Ordinarily, a *pro se* litigant should be granted leave to amend a complaint at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (internal quotation marks omitted). Although a denial of leave to amend is typically reviewed for abuse of discretion, when the denial "is based on a legal interpretation, such as a determination that amendment would be futile, a reviewing court conducts a *de novo* review." *Hutchison v. Deutsche Bank Secs. Inc.*, 647 F.3d 479, 490 (2d Cir. 2011).

The district court properly denied Brady leave to amend his complaint on the ground that amendment would be futile. Because the *Rooker-Feldman* doctrine deprived the district court of subject matter jurisdiction over the Lease Claims, the problem with Brady's Lease Claims is substantive, and better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Similarly, amendment of the time-barred fraudulent inducement and tortious interference claims would be futile. *See Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (holding that time-barred claim was properly dismissed without leave to amend). In addition, Brady's filings in the district court do not give any indication that he could suggest facts that would render his civil conspiracy claim plausible if he were given an opportunity to amend. The district court therefore properly denied Brady leave to amend.

**IV.     Sanctions**

In their brief on this appeal, the IGS Defendants request double costs and damages under Fed. R. App. P. 38.   Rule 38 provides that if we "determine[] that an appeal is frivolous, [we] may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."   Fed. R. App. P. 38.   The defendants have not filed a separate motion for such relief.   Accordingly, their request is not properly before us on this appeal, and we decline to grant it.

We have considered Brady's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk