24-2940
*Doe 2 v. Congregation of the Sacred Hearts et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand twenty-six.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> WILLIAM J. NARDINI,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

JANE DOE 2, JANE DOE 1,

> *Plaintiffs-Appellants,*

> v.                                                    24-2940

THE CONGREGATION OF THE SACRED HEARTS OF JESUS AND MARY, ROMAN CATHOLIC DIOCESE OF FALL RIVER, SISTERS OF CHARITY OF MONTREAL, SISTERS OF CHARITY OF QUEBEC,

> *Defendants-Appellees,*[1]

BLACK AND WHITE CORPORATIONS 1–10, MISSIONARY OBLATES OF MARY IMMACULATE EASTERN PROVINCE,

> *Defendants.*

_____

[1] The Clerk of the Court is respectfully directed to amend the caption.

For Plaintiffs-Appellants:        ROB RICKNER, Rickner PLLC, New York, NY.

For Defendants-Appellees:        Sanford N. Talkin, Talkin, Muccigrosso & Roberts LLP, New York, NY, *for Defendant-Appellee The Congregation of the Sacred Hearts of Jesus and Mary*.

Domenique Camacho Moran, Jana A. Schwartz, Farrell Fritz, PC, Uniondale, NY, *for Defendant-Appellee Roman Catholic Diocese of Fall River*.

EVAN J. O'BRIEN, Downs Rachlin Martin PLLC, Burlington, VT, *for Defendant-Appellee Sisters of Charity of Montreal*.

ANDREW M. LANKLER, Eric DuPont, Baker Botts L.L.P., New York, NY, *for Defendant-Appellee Sisters of Charity of Quebec*.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kovner, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Jane Doe 1 and Jane Doe 2 ("Plaintiffs") appeal from a judgment of the United States District Court for the Eastern District of New York (Kovner, *J.*), entered on September 25, 2024, dismissing their claims for improper venue and denying their request to transfer the action to the United States District Court for the Northern District of New York.

The underlying complaint is based on sexual abuse the Plaintiffs allegedly suffered as children while enrolled at a Massachusetts boarding school in the 1960s. Plaintiffs originally filed their claims in the Southern District of New York. After the action there was dismissed for improper venue, Plaintiffs refiled in the Eastern District of New York. The district court again dismissed for improper venue. In addition, concluding that the Plaintiffs' failed to exercise

2

appropriate diligence in identifying a proper venue and that their behavior smacks of forum shopping, the district court rejected Plaintiffs' argument in the alternative that the matter should be transferred to the Northern District of New York.

The only issue on appeal is whether the district court erred in refusing to transfer Plaintiffs' case to the Northern District.[2] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we set forth in this summary order only as necessary to explain our decision to **AFFIRM**.

\* \* \*

At issue here is the district court's application of the venue transfer provision of 28 U.S.C. § 1406, which states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because "[c]ourts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice," *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005), "[w]hether dismissal or transfer is appropriate lies within the sound discretion of the district court." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993). Factors counseling in favor of transfer include "a finding that a new action filed by the litigant would be barred as untimely," "a finding that the original action was filed in good faith," and the parties' "agreement that transfer would be desirable." *Ruiz v. Mukasey*, 552 F.3d 269, 276 (2d Cir. 2009) (quoting *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir.1996)).[3] Considerations counseling against transfer include whether the

[2] Plaintiffs do not challenge the dismissal for improper venue as to The Congregation of the Sacred Hearts of Jesus and Mary, the Diocese of Fall River, the Sisters of Charity of Montreal, and the Sisters of Charity of Quebec ("Defendant-Appellees"), but only the failure to transfer. The district court also dismissed as untimely the claims against the Missionary Oblates of Mary Immaculate Eastern Province (the "Oblate Defendant"). Plaintiffs did not appeal that dismissal.
[3] Although *Ruiz* was decided in the context of 28 U.S.C. § 1631, it is instructive insofar as it is interpreting nearly

3

plaintiff is engaged in forum shopping and whether a transfer would "reward plaintiffs for their lack of diligence in choosing a proper forum." *Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 394–95 (2d Cir. 1992).

Plaintiffs argue that the district court made two errors in declining to transfer their suit. First, they argue that "[t]he district court erred when it accused Plaintiffs of impermissible forum shopping, choosing to effectively dismiss the case entirely rather than transferring it."[4] Appellants' Br. at 10. Second, they argue that "the district court erred when it found that the Northern District of New York was not likely a proper venue." *Id.* (cleaned up). We disagree.

First, Plaintiffs are wrong that "asking to be moved to another district in the same state is not forum shopping at all because these districts are all the same forum, New York." Appellants' Br. at 13. Forum shopping is merely "[t]he practice of choosing the most favorable jurisdiction or court in which a claim might be heard." Forum-Shopping, Black's Law Dictionary (12th ed. 2024). Here, because the alleged sexual assaults occurred approximately 60 years ago, the statute of limitations in most jurisdictions has run. As Plaintiffs themselves admit, in Massachusetts their claims "would be time-barred because Massachusetts has no equivalent to the [New York Child Victims Act]." Appellants' Br. at 12. To be sure, as the district court observed, "plaintiffs are entitled to select the forum they believe is most favorable when first filing their suit." App'x at 50. But a transfer of venue is not meant to facilitate the repeated effort to proceed in any district court in New York. The district court thus did not err in concluding that "plaintiffs' request to transfer the case to the Northern District—after twice filing in other New York judicial districts

___

identical language in that statute. *Compare* 28 U.S.C. § 1631 ("[T]he court shall, if it is in the interest of justice, transfer such action[.]") *with* 28 U.S.C. § 1406(a) ("The district court . . . shall dismiss, or if it be in the interest of justice, transfer such case[.]").

[4] Plaintiffs assert that because they have already refiled once in the Eastern District of New York, the dismissal of their claims there, as opposed to their transfer to the Northern District, will render them untimely under the relevant statute of limitations. *See* N.Y. C.P.L.R § 205(a).

with only tenuous connections to the claims at issue—smacks of forum shopping." App'x at 50–51.

Moreover, even if Plaintiffs were not forum shopping, they were certainly not diligent in selecting a forum. After dismissal for improper venue in the Southern District, Plaintiffs could have immediately pursued their claims in the Northern District. Instead, they proceeded on substantially the same venue theory in the Eastern District of New York that had already failed in the Southern District. And as we have stated, "reward[ing] plaintiffs for their lack of diligence in choosing a proper forum . . . [is] not . . . in the interest of justice. *Spar*, 956 F.2d at 394. Likewise, "[t]he interest of justice analysis is not a vehicle for resurrecting a claim lost because the plaintiff erred in [its] initial choice of forums." *Id*. at 395 (internal quotation marks omitted) (second alteration in original).

We need not decide whether venue would lie in the Northern District to reach the conclusion that the district court did not abuse its discretion in declining to transfer. "[W]e are free to affirm on any ground supported by the record." *City of New York by & through FDNY v. Henriquez*, 98 F.4th 402, 416 (2d Cir. 2024). And, as explained above, Plaintiffs' lack of diligence and the risk of forum shopping are sufficient reasons to deny a transfer here. In any event, as Plaintiffs acknowledge, "[t]here was no actual finding" as to venue in the Northern District. Appellants' Br. at 9. And the district court did not hold that it was prohibited from ordering a transfer, as it would have been had it actually determined that venue was improper in the Northern District. *See* 28 U.S.C. § 1406 (allowing transfer only to a district "in which [the suit] could have been brought"). Furthermore, it was within the district court's discretion to consider the relative weakness of the remaining defendants' ties to the Northern District in assessing whether the "interest of justice" required transfer.

In sum, we conclude that the district court did not abuse its discretion in concluding that the interest of justice does not compel transfer of this lawsuit to the Northern District of New York. We have considered Plaintiffs' remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk