**In re SKI TRAIN FIRE IN KAPRUN, AUSTRIA, ON NOVEMBER 11, 2000**

No. 1428.

Judicial Panel on Multidistrict Litigation.

Nov. 19, 2001.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN and J. FREDERICK MOTZ, Judges of the Panel.

***TRANSFER ORDER***

WILLIAM TERRELL HODGES, Chairman.

This litigation currently consists of the six actions listed on the attached Schedule A and pending in four federal districts as follows: three actions in the Southern District of New York and one action each in the Central District of California, the District of Colorado, and the Middle District of Florida.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by plaintiffs in all actions for coordinated or consolidated pretrial proceedings of this litigation in the Southern District of New York. A defendant in the potential tag-along action pending in the Eastern District of Pennsylvania opposes the motion for transfer.

On the basis of the papers filed and hearing session held, the Panel finds that the six actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the conve-

---

1. The parties have notified the Panel of two additional related actions filed by the same plaintiffs and pending, respectively, in the Southern District of New York and the Eastern District of Pennsylvania. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R .P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

nience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions concern the cause or causes of a fire on a mountain train in Kaprun, Austria, on November 11, 2000. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

In selecting the Southern District of New York as transferee district, we note that i) three of the six actions before the Panel and one of the potential tag-along actions are already pending there before one judge, ii) this district is the forum of choice of all plaintiffs, and iii) only one defendant has opposed transfer to this forum. Moreover, we observe that the Southern District of New York provides a convenient forum for a litigation involving an incident overseas and numerous foreign defendants.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Shira Ann Scheindlin for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

### SCHEDULE A

*MDL–1428—In re Ski Train Fire in Kaprun, Austria, on November 11, 2000*

*Central District of California*
  John S. Habblett, et al. v. Waagner–Biro AG, C.A. No. 2:01–5815

*District of Colorado*
  John S. Habblett, et al. v. Leitner Lifts USA Inc., et al., C.A. No. 1:01–1123

*Middle District of Florida*
  John S. Habblett, et al. v. Swoboda Karosserie–und Stahlbau GmBH, et al., C.A. No. 8:01–1221

*Southern District of New York*
  *Rudolph Kern, et al. v. Leitner Lifts USA Inc.,* C.A. No. 1:01–264
  *John S. Habblett, et al. v. Leitner Lifts USA Inc., et al,* C.A. No. 1:01–266
  *Dr. Dick Baker, et al. v. Leitner Lifts USA Inc., et al.,* C.A. Co. 1:01–817