In re SKI TRAIN FIRE IN KAPRUN, AUSTRIA ON NOVEMBER 11, 2000

This Document Relates To; Defendants Beton–Und Monierbau, G.m.b.H., and Thyssen Schachtbau, G.m.b.H.

No. 01 MDL 1428(SAS)
Nos. 02 Civ. 2491, 01 Civ. 7245.

United States District Court, S.D. New York.

March 21, 2003.

Edward D. Fagan, Fagan & Associates, Livingston, NJ, Robert A. Swift, Hilary Cohen, Kohn, Swift & Graf, PC, Philadelphia, PA, Jay J. Rice, Randee Matloff, Nagel, Rice, Dreifuss & Mazie, LLP, Livingston, NJ, for Plaintiffs.

Daniel V. Gsovski, Herbert Rubin, Sabine Beck, Herzfeld & Rubin, PC, New York, NY, for Defendants.

### OPINION AND ORDER

SCHEINDLIN, District Judge.

Plaintiffs, the parents and grandparents of six Americans who died in a ski train fire on November 11, 2000 in Kaprun, Austria, brought several individual actions against numerous defendants. The Judicial Panel on Multidistrict Litigation ("MDL Panel") consolidated these suits for pretrial purposes before this Court. Defendants Thyssen–Schachtbau, G.m.b.H. ("Thyssen") and Beton-und Monierbau, G.m.b.H. ("Beton")[1] now move to dismiss this action for lack of personal jurisdiction and, in the alternative, pursuant to the doctrine of forum non conveniens.[2] For the reasons set forth below, their motions

to dismiss for lack of personal jurisdiction are granted.[3]

### I. DISCUSSION

Plaintiffs concede that there is an insufficient basis for personal jurisdiction over Thyssen in New York and Beton in Connecticut. See Pl. Br. at 4, 20. Plaintiffs argue, nonetheless, that the Court should not dismiss the actions against Thyssen and Beton, but rather transfer the action against Thyssen to Montana or Virginia, see id. at 4, and the action against Beton to Massachusetts, see id. at 20. Plaintiffs rely on three statutory provisions that authorize district courts to transfer actions under certain limited circumstances, when it is in the "interest of justice" to do so: 28 U.S.C. §§ 1404(a),[4] 1406(a),[5] and 1631.[6] However, only one inquiry is necessary to decide defendant's motions.[7] See Pares, 1992 WL 296437, at *1.

1. Thyssen and Beton are mining and construction companies that plaintiffs allege constructed the tunnel at issue in this case. See Plaintiffs' Brief in Opposition to the Joint Motion to Dismiss of Defendants Beton and Thyssen ("Pl.Br.") at 1.

2. Thyssen's motion addresses the "First Amended Complaint" filed in the Southern District of New York. Beton's motion addresses the "Second Amended Complaint" against it in the action transferred to this Court by the MDL Panel from the District of Connecticut.

3. Because the motions to dismiss based on lack of personal jurisdiction are granted, I do not address the doctrine of forum non conveniens.

4. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

5. Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or

division in which it could have been brought."

6. Section 1631 provides that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

7. Although the Tenth Circuit has held that transfer under Section 1631 is proper where personal jurisdiction is lacking, see Viernow v. Euripides Dev. Corp., 157 F.3d 785, 793 (10th Cir.1998), several courts in this Circuit have interpreted Section 1631 to authorize transfer only where the transferring court lacks subject matter jurisdiction—not personal jurisdiction, see Chan v. Mui, No. 92 Civ. 8258, 1993 WL 427114, at *2 (S.D.N.Y. Oct.20, 1993); Pares v. Gordon, No. 91 Civ. 1344, 1992 WL 296437, at *1 (S.D.N.Y. Oct.8,

■ Over forty years ago, the Supreme Court held that a district court lacking both personal jurisdiction and proper venue could nonetheless transfer the action under section 1406(a) to a district where the defects would be cured. *See Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962).[8] Sixteen years later, the Second Circuit expanded that rule, holding that whether or not venue was proper, lack of personal jurisdiction could be remedied by transfer, under either section 1404(a) or section 1406(a), to a district in which personal jurisdiction could be exercised. *See Corke v. Sameiet M.S. Song of Norway,* 572 F.2d 77, 80 (2d Cir. 1978) (adopting Judge Weinfield's view in *Volk Corp. v. Art–Pak Clip Art Serv.,* 432 F.Supp. 1179, 1181 (S.D.N.Y.1977)); *Fort Knox Music Inc. v. Baptiste,* 257 F.3d 108, 111 (2d Cir.2001).

■ "The relevant inquiry under both § 1404(a) and 1406(a) is whether the 'interests of justice' militate in favor of transfer or dismissal." *Pares,* 1992 WL 296437, at *2. This decision lies within the court's discretion. *See Spar, Inc. v. Information Res., Inc.,* 956 F.2d 392, 394 (2d Cir.1992).

Plaintiffs argue that the interests of justice require transfer here because plaintiffs "*may* face [a statute of limitations] bar to suit in a place where the action could have been originally filed," *see* Pl. Br. at 6 (emphasis added), and the discovery process may become "disjointed" if defendants are held to a different schedule as a result of refiling delays, *see id.* Neither of these circumstances favor a transfer.

■ Plaintiffs' preferred jurisdiction in which to refile the Thysson action is Montana, which has a three year statute of limitations for wrongful death actions. *See* Mont.Code Ann. § 27–2–204(2) (2002). Thus, as plaintiffs themselves acknowledge, the "Montana statute does not pose a present threat." Pl. Br. at 6. There will likewise be no time-bar problem in the Beton action because Massachusetts also has a three year statute of limitations. *See* Mass. Gen. Laws ch. 260, § 2A (2002). Because plaintiffs will be able to easily rectify the jurisdictional defects by refiling in their preferred jurisdictions before the expiration of the limitations period, there is no compelling reason here to transfer rather than dismiss the actions.[9]

1992); *Levy v. Pyramid Co. of Ithaca,* 687 F.Supp. 48, 51 (N.D.N.Y.1988), *aff'd without consideration of this point,* 871 F.2d 9 (2d Cir.1989). *But see John Burgee Architects v. Lewis,* No. 96 Civ. 0734, 1998 WL 35111, at *2 (S.D.N.Y. Jan. 30, 1998) (transferring action pursuant to section 1631, as well as 1404(a) and 1406(a)). While the Second Circuit has not definitively ruled on this issue, it has acknowledged that the legislative history of section 1631 provides "reason to believe that this section authorizes transfers only to cure lack of subject matter jurisdiction." *SongByrd, Inc. v. Estate of Grossman,* 206 F.3d 172, 179 n. 9 (2d Cir.2000) (citing S.Rep. No. 97–275, at 30 (1982), reprinted in 1982 U.S.C.C.A.N. 11, 40). Because it is unclear whether section 1631 applies in cases where personal jurisdiction is lacking, and the inquiry under Section 1631 is the same as that under sections 1404(a) and 1406(a)—that is, whether the interests of justice require

transfer—I will decide the issue under the other two provisions.

8. *Goldlawr* overturned the Second Circuit's ruling that a district court lacking personal jurisdiction had no power to transfer. *See* 288 F.2d 579, 586 (2d Cir.1961).

9. The fact that the statute of limitations in Virginia, where plaintiffs believe they could (but would prefer not to) bring the Thyssen action, is two years, *see* Va.Code Ann. § 8.01–244 (2002), is irrelevant. The interests of justice require only that plaintiffs have a forum in which to refile their lawsuit, not that they have several options of jurisdictions in which to refile. *See, e.g., Corke,* 572 F.2d at 80 (finding transfer is in the interest of justice because Florida's four-year negligence statute and two-year malpractice statute would bar institution of a new action).

The fact that the discovery schedule with respect to defendants Thyssen and Beton may not coincide with that of some of the other defendants is an important consideration, but not controlling here. The entire purpose of a multidistrict litigation is to coordinate pretrial proceedings. Nonetheless, the suits against each of the defendants have proceeded at different rates given the large number of jurisdictional issues inevitably arising when many of the defendants are foreign corporations. As a result, the document phase of discovery here must be staggered because of the many motions to dismiss. However, the remainder of discovery will be coordinated to the greatest extent possible.

Here, the interests of justice favor dismissal rather than transfer. The facts raised in these motions demonstrate that plaintiffs have, at best, a questionable basis for personal jurisdiction in each of their proposed jurisdictions for refiling. To transfer these actions to jurisdictions which may ultimately be found to lack personal jurisdiction would be grossly inefficient and would undermine the goals of the transfer statutes, which are to permit transfer only to a district in which the action "could have been brought." 28 U.S.C. §§ 1406(a) and 1631; *see also* 28 U.S.C. § 1404(a). Now that plaintiffs have had an opportunity to preview defendants' jurisdictional arguments with respect to each of the proposed venues, they are strongly advised to seriously consider their bases for personal jurisdiction before refiling actions against Thyssen and Beton. Nonetheless, if plaintiffs choose to proceed they must do so promptly so that the motions to dismiss for lack of personal jurisdiction can be decided expeditiously. Should the actions survive, it is important that all the cases proceed on the same track.

## II. CONCLUSION

Because this Court has no personal jurisdiction over defendants, and the interests of justice do not warrant transfer, the actions against Thyssen and Beton are dismissed with leave to refile in an appropriate jurisdiction. These actions will presumably be transferred back to this Court by the MDL Panel as the Panel has already determined that all cases related to the ski train accident in Kaprun, Austria are to be transferred to this Court.