**In re SKI TRAIN FIRE IN KAPRUN, AUSTRIA, ON NOVEMBER 11, 2000.**

**No. MDL 1428(SAS).**
**No. 01 Civ. 6554(SAS).**

United States District Court,
S.D. New York.

May 5, 2004.

544

Robert A. Swift, Martin J. D'Urso, Hilary Cohen, Kohn, Swift & Graf, PC, Philadelphia, PA, Jay J. Rice, Randee Matloff, Nagel, Rice, Dreifuss & Mazie, LLP, Livingston, NJ, Kenneth P. Nolan, Christina M. Fry, Speiser, Krause, Nolan & Granito, New York, NY, Edward D. Fagan, New York, NY, and Short Hills, NJ, for Plaintiffs.

Christopher Landau, Brant W. Bishop, Susan Kearns, Kirkland & Ellis, Washington, DC, for Defendant.

### OPINION AND ORDER

SCHEINDLIN, District Judge.

On November 11, 2000, a ski train in Kaprun, Austria caught fire, killing 155 passengers and crew members. Plaintiffs, the parents, spouses, and grandparents of eight Americans who died in the fire,[1] have sued train and train part manufacturers and operators alleging negligence and strict liability. Their actions against the various defendants have been consolidated before this Court by the Judicial Panel on Multidistrict Litigation ("MDL"). On September 19, 2002, this Court granted defendant Siemens AG Osterreich's motion to dismiss for lack of personal jurisdiction in New York. *See In re Ski Train Fire in Kaprun, Austria on November 11, 2000*, 230 F.Supp.2d 403 (S.D.N.Y.2002) ("September 2002 Decision"). That dismissal has not been made final under Rule 54(b) of the Federal Rules of Civil Procedure. Plaintiffs now bring a renewed motion to: (1) sever defendant Siemens AG Osterreich ("Siemens Austria") from this action pursuant to Rule 21; (2) amend the Complaint as to Siemens Austria pursuant to Rule 15(a) to allege facts showing personal jurisdiction in California; and (3) transfer the action against Siemens Austria to the Northern District of California pursuant to the federal removal statutes. For the reasons stated below, plaintiffs' motion is denied in its entirety.

## I. BACKGROUND

On July 19, 2001, plaintiffs Suzanne and John Habblett, Rudolf and Angela Kern, and Carol and Dick Baker,[2] filed their original complaint in the Southern District of New York against Siemens Austria among other

---

**1.** Plaintiffs John and Suzanne Habblett, Clair Goodridge, Dick and Carol Baker, Rudolph and Angela Kern, and Karen Filkil bring this action on behalf of the estates of Jennifer Habblett Goodridge, Michael C., Michael J., and Kyle Goodridge, Carrie Baker, Erich Kern, and Paul and Benjamin Filkil, respectively.

**2.** Plaintiff Clair Goodridge brought his own action in the Southern District of New York on August 2001. Plaintiff Karen Filkil brought her own actions in the Eastern District of Texas (June 2003), the Eastern District of Michigan (November 2003), and the Southern District of New York (November 2003).

defendants, including Siemens AG ("Siemans Germany"), the parent corporation of Siemens Austria, and Siemens Corporation, its New York subsidiary.[3] On December 12, 2001, plaintiffs filed a Consolidated and Amended Complaint in the MDL action naming John Habblett as a proposed class representative.[4] *See* Consolidated Amended Complaint ("Complaint"). On September 19, 2002, this Court granted Siemens Austria's motion to dismiss for lack of personal jurisdiction after finding that the foreign corporation lacked sufficient contacts with New York and that it was not a mere alter-ego of parent company Siemens Germany. *See* September 2002 Decision.

On May 5, 2003, plaintiffs wrote a letter to the Court requesting reconsideration of the September 2002 Decision in light of new information plaintiffs had uncovered about Siemens Austria's business contacts in the United States, including in California. *See* 5/5/03 Letter to the Court from Edward Fagan, plaintiffs' counsel. At a conference on May 12, 2003, I indicated that a motion for reconsideration was not timely but encouraged plaintiffs to promptly follow through on their expressed intent to file an action against Siemens Austria in California. *See* 5/12/03 Transcript ("Tr.") at 12–13. Instead, on September 18, 2003, plaintiffs filed a Rule 60(b) motion asking the Court to vacate its dismissal of Siemens Austria on the basis of new evidence of the defendant's ties to the United States, including New York. *See* Plaintiffs' Notice of Motion for Relief Pursuant to Rule 60. During a conference on October 9, 2003, I advised plaintiffs that the motion, as submitted, was inadequate and instructed plaintiffs to file a new motion showing "newly discovered evidence that Siemens Austria is in New York." 10/9/03 Tr. at 15–16.

On October 22, 2003, rather than refiling their Rule 60 motion, plaintiffs filed their first motion to: (1) sever Siemens Austria from the action; (2) file an amended complaint to allege jurisdictional facts relating to Siemens Austria's presence in California; and (3) transfer the action against Siemens Austria to the Northern District of California. *See* Plaintiffs' Notice of Motion for Severance, Leave to Amend the Complaint, and Transfer of the Action. In a conference call with the parties on January 26, 2004 and by Order dated January 27, 2004, I directed plaintiffs to file a renewed motion with supplemental briefing addressing whether claims filed against Siemens Austria in California would be time-barred. Plaintiffs filed this renewed motion to sever, amend, and transfer on February 6, 2004.[5]

Plaintiffs' motion alleges that after I dismissed Siemens Austria, plaintiffs did further research on the defendant's jurisdictional ties to the United States and determined that it conducts regular business in California through its PSE Techlab division ("PSE") in San Jose, California. *See* Plaintiffs' Memorandum in Support of Renewed Motion for Severance, Leave to Amend, and Transfer ("Pl.Mem.") at 2. Plaintiffs claim that because Siemens Austria is engaged in business in California through its PSE operation, it is subject to personal jurisdiction in the Northern District of California. *See* Plaintiffs' Proposed Amended Complaint, Ex. B to Pl. Mem. ("Prop.Am.Compl."), ¶¶ 8–10. Plaintiffs also assert that a new action filed in California may be time-barred by California's one-year statute of limitations on wrongful death and injury. *See* Pl. Mem. at 2.

## II. LEGAL STANDARD

### A. Revision of a Non-final Ruling Under Rule 54(b)

█ Pursuant to Rule 54(b), the Court has authority to revise decisions entered before

---

**3.** Siemens Austria, a wholly-owned subsidiary of Siemens Germany, manufactures and sells a broad range of electrical and electronic equipment products, systems, and services under the Siemens brand name and other brand names. It has its principal place of business in Vienna. *See* September 2002 Decision, 230 F.Supp.2d at 404.

**4.** Pursuant to 28 U.S.C. § 1407, the individual actions were transferred to and consolidated for

pre-trial purposes before this Court by the Judicial Panel on Multidistrict Litigation. *See In re Ski Train Fire in Kaprun, Austria on November 11, 2000,* 175 F.Supp.2d 1379 (J.P.M.L.2001).

**5.** Because plaintiffs filed their renewed motion before February 9, 2004, it is deemed to have been filed on October 22, 2003. *See* 1/27/04 Order.

the entry of a final judgment. The Rule provides:

> [W]hen multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the ... parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, *any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment* adjudicating all the claims and the rights and liabilities of all the parties.

Fed.R.Civ.P. 54(b) (emphasis added). The district court's discretion to reconsider a non-final ruling is, however, limited by the law of the case doctrine and "subject to the caveat that 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand ("Color Tile")*, 322 F.3d 147, 167 (2d Cir.2003) (quoting *Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir.1964)). The Second Circuit explained in *Color Tile* that an earlier decision in ongoing litigation "may not usually be changed unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Id.* (quotations and citation omitted).

### B. Severance Under Rule 21

 Rule 21 provides:

Misjoinder of parties is not a ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Fed.R.Civ.P. 21. "The decision whether to grant a severance motion is committed to the sound discretion of the trial court." *New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1082 (2d Cir.1988). Severance is proper where it will "serve the ends of justice and further the prompt and efficient disposition of litigation." *T.S.I. 27, Inc. v. Berman Enters., Inc.*, 115 F.R.D. 252, 254 (S.D.N.Y. 1987). Rule 21 has been used, for example, to sever claims against a party as to whom venue is improper or personal jurisdiction is lacking in conjunction with the court's transferring those claims to a district where they could have been brought originally. *See Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 620 (2d Cir.1968); *Hallwood Realty Partners v. Gotham Partners*, 104 F.Supp.2d 279, 287 (S.D.N.Y.2000).

### C. Leave to Amend Under Rule 15(a)

 Rule 15(a) provides that after having once amended a pleading, a party may amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The decision whether to grant leave to amend rests within the sound discretion of the district court. *See Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir.1990). The Supreme Court has held that:

> In the absence of any apparent or declared reason—such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Parties are thus "generally allowed to amend their pleadings absent bad faith or prejudice." *Commander Oil Corp. v. Barlo Equip. Corp.*, 215 F.3d 321, 333 (2d Cir.2000).

### D. Transfer Under 28 U.S.C. §§ 1404(a), 1406(a), and 1631

 Three statutory provisions authorize district courts to transfer actions under cer-

tain limited circumstances: 28 U.S.C. §§ 1404(a),[6] 1406(a),[7] and 1631.[8] However, only one inquiry is necessary under all three: " 'whether 'the interests of justice' militate in favor of transfer or dismissal.' " *In re Ski Train Fire in Kaprun, Austria on November 11, 2000,* 257 F.Supp.2d 648, 649 (S.D.N.Y. 2003) *("Thyssen and Beton")* (quoting *Pares v. Gordon,* No. 91 Civ. 1344, 1992 WL 296437, at *2 (S.D.N.Y. Oct.8, 1992)). This decision lies within the court's sound discretion. *See Spar, Inc. v. Information Res., Inc.,* 956 F.2d 392, 394 (2d Cir.1992).

Both sections 1404(a) and 1406(a) have been held to provide for transfer by a court lacking personal jurisdiction. *See Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962) (holding that a district court lacking both personal jurisdiction and proper venue could nonetheless transfer the action under section 1406(a) to a district where the defects would be cured); *Corke v. Sameiet M.S. Song of Norway,* 572 F.2d 77, 80 (2d Cir.1978) (holding that lack of personal jurisdiction could be remedied by transfer under either section 1404(a) or section 1406(a)). Because the Second Circuit has suggested that section 1631 "authorizes transfers only to cure lack of subject matter jurisdiction," *SongByrd, Inc. v. Estate of Grossman,* 206 F.3d 172, 179 n. 9 (2d Cir. 2000), I will consider the issue under the other two statutes.

In *Goldlawr,* the Supreme Court offered the following instruction on applying section 1406(a):

> The language of [§ ] 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue,

whether the court in which it was filed had personal jurisdiction over the defendants or not.... If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of [§ ] 1406(a), recognized that "the interest of justice" may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by ... "time-consuming and justice-defeating technicalities."

369 U.S. at 466–67, 82 S.Ct. 913. The purpose of the transfer provision is thus to "remov[e] whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits." *Id.*

## III. DISCUSSION

Plaintiffs seek to cure the jurisdictional defect in the Complaint filed in this Court and transfer a still-viable claim against Siemens Austria to California by retaining the original filing date. Because California's one-year statute of limitations on personal injury and wrongful death actions would likely bar an action filed today for the injuries incurred on November 11, 2000, plaintiffs claim that it would be in the interest of justice for this Court to authorize the transfer of an amended complaint (relating back to the date of the original Complaint) to the Northern District of California against a newly severed Siemens Austria. Defendants contend that plaintiffs' motion should be denied because (1) plaintiffs' claims are now untimely and (2) plaintiffs' proposed amendment does not cure the deficiency of its original Complaint. Siemens AG Osterreich's Opposition to Plaintiff's Renewed Motion ("Def.Mem.") at 4–5.

> [w]henever a civil action is filed ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred. 28 U.S.C. § 1631.

**6.** Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

**7.** Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

**8.** Section 1631 provides that

Plaintiffs assert that the revision they are requesting under Rule 54(b) of this Court's non-final ruling dismissing defendant Siemens Austria "is not a substantive change to the Court's decision, but a supplemental proviso granting leave to amend." Pl. Mem. at 3. In fact, however, plaintiffs' motion does seek to substantively revise or vacate that ruling by requesting a transfer of the action against Siemens Austria in place of that defendant's dismissal. Several concerns counsel against such a revision and transfer in this case.

### A. A Rule 54(b) Revision Is Not Warranted

■ *First*, plaintiffs fail to overcome the law of the case barrier to a court's reconsidering a prior ruling: plaintiffs do not make a compelling showing of "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Virgin Atl. Airways v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (quotation marks and citations omitted). There has been no intervening change in controlling law, nor is there a need to correct a clear error. Plaintiffs have not provided new evidence of Siemens Austria's contacts in New York that might warrant a reconsideration of this Court's dismissal for lack of personal jurisdiction. Instead, they hold out as new evidence excerpts from a PSE Techlab website, visited after the September 2002 Decision, that they allege helped them confirm Siemens Austria's California contacts. *See* Pl. Mem. at 2, 10. Plaintiffs admit, however, that they "knew of PSE Techlab, located in California," before that decision, *id.* at 2, and do not claim to have lacked access to the PSE website that they now cite as providing the strongest evidence of Siemens Austria's California ties. *See id.* at 10; Prop. Am. Compl. ¶ 8. In fact, the web page plaintiffs cite was last modified on October 24, 2001. *See* "About Us," http://www.psetechlab.com. It thus appears that plaintiffs had ready access to, if not clear knowledge of, the information on which they now rely in time to either (1) counter Siemens Austria's motion to dismiss with a motion to transfer to California or (2) bring a new action in California

either before its statute of limitations ran or under the doctrine of equitable-tolling. Accordingly, plaintiffs' proposed amendments to its Complaint do not amount to *new* evidence justifying a revision of defendant's dismissal.

Plaintiffs also fail to show that revision of the September 2002 Decision is necessary to prevent "manifest injustice." Although plaintiffs "may be barred" from filing a new action against Siemens Austria in California because of that state's statute of limitations, Pl. Mem. at 2, this Court will not exercise its discretion under Rule 54(b) to reward plaintiffs' failure to diligently and promptly develop its case for jurisdiction in California by giving it a second bite at the apple.

### B. Transfer Is Not in the "Interest of Justice"

*Second* and similarly, plaintiffs do not establish that transfer in this case would be in the "interest of justice" as required under both 28 U.S.C. §§ 1404(a) and 1406(a). Although the transfer statutes are meant to serve plaintiffs who make "erroneous guess[es]" with regard to proper venue and to allow plaintiffs in certain cases to overcome statutes of limitations bars in the transferee district, *Goldlawr*, 369 U.S. at 466–67, 82 S.Ct. 913, they do not extend to protect plaintiffs "whose own failure to pursue [their] claim[s] diligently ... has resulted in a procedural bar." *Spar*, 956 F.2d at 393.

In *Spar*, the Second Circuit affirmed denial of the plaintiff's motion to transfer from a district where the claim was time-barred to a district where it was not, on the grounds that plaintiff's own failure to diligently pursue its claim and research relevant statutes of limitations had caused the procedural bar and that a transfer would allow the plaintiff to forum shop. *Id.* at 393–94. The Court explained that the "interest of justice" analysis is " 'not a vehicle for resurrecting a claim lost because the plaintiff erred in [its] initial choice of forums.' " *Id.* at 395 (quoting *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir.1986)). Instead, the analysis relates to "the efficient functioning of the courts," *Coffey*, 796 F.2d at 221, and requires a court to weigh dismissal against transfer

and generally opt for the latter if it would avoid "time-consuming and justice-defeating technicalities." *Goldlawr,* 369 U.S. at 467, 82 S.Ct. 913. Here, plaintiffs' motion to transfer came more than one year after this Court dismissed the defendant and after various other time-consuming but inadequate efforts to seek relief from that dismissal, including a Rule 60(b) motion purporting to offer new evidence of jurisdictional ties to New York. In sum, plaintiffs' equivocation and tardy identification of California as an appropriate forum do not merit a finding that transfer would be in the interest of justice.[9]

Finally, plaintiffs' transfer request is based, at best, on weak evidence that Siemens Austria is actually subject to personal jurisdiction in Northern California. Under California law, the existence of a relationship between a parent company and its subsidiary or affiliate is insufficient to establish general jurisdiction over the parent on the basis of the subsidiary's or affiliate's minimum contacts with the forum. *See Transure, Inc. v. Marsh and McLennan, Inc.,* 766 F.2d 1297, 1299 (9th Cir.1985). To "pierce the corporate veil," plaintiffs would have to show an alter ego or agency relationship between Siemens Austria and PSE TechLab by establishing that Siemens Austria controlled PSE Techlab's internal affairs or daily operations. *See Doe v. Unocal Corp.,* 248 F.3d 915, 925–926 (9th Cir.2001); *Kramer Motors, Inc. v. British Leyland, Ltd.,* 628 F.2d 1175, 1177 (9th Cir.1980). *See also Perrotta v. Roadway Global Air,* No. 96 Civ. 20281, 1996 WL 723031, at *1 (N.D.Cal. Dec.9, 1996) ("[A] parent corporation is the alter ego of its subsidiary if it controls the subsidiary to such a degree as to render it the mere instrumentality of the parent.").

Plaintiffs make no serious attempt to demonstrate that Siemens Austria is subject to jurisdiction in California because of its relationship with PSE TechLabs. Although they contend that PSE TechLabs "was in fact an integral Division of Siemens Austria" based on "extensive research, including but not limited to Internet research through multiple search engines; on government website [*sic*]; through various Siemens' websites and through LEXIS/NEXIS," *see* Declaration of Hilary Cohen, plaintiffs' counsel, Ex. A to Pl. Mem, the results of this "extensive research" are neither explained in nor presented with their motion papers. Instead, in support of their "reasonable belief" that jurisdiction exists, plaintiffs cite only the PSE TechLab website, which states: "PSE TechLab is the U.S. operations of Siemens AG Austria's Program and System Engineering Division." This excerpt alone does not suggest that Siemens Austria and PSE TechLabs have a corporate relationship adequate to confer jurisdiction over Siemens Austria in California. Thus, plaintiffs have offered no basis for a transfer under the statutes. *See* 28 U.S.C. § 1404(a) (authorizing transfer only to "any

**9.** Plaintiffs' argument for transfer relies in part on two of this Court's earlier rulings in this consolidated litigation, *Thyssen and Beton,* 257 F.Supp.2d 648, and *In re Ski Train Fire in Kaprun, Austria on November 11, 2000 ("Waagner"),* 257 F.Supp.2d 717 (S.D.N.Y.2003). In *Thyssen and Beton,* I denied plaintiffs' request to transfer the action against defendants Thyssen and Beton because the statute of limitations in at least one of plaintiffs' preferred jurisdictions had not run. *See* 257 F.Supp.2d at 650 ("Because plaintiffs will be able to easily rectify the jurisdictional defects by refiling in their preferred jurisdictions before the expiration of the limitations period, there is no compelling reason here to transfer rather than dismiss the actions."). Shortly thereafter, I held in *Waagner* that the "interests of justice" favored a transfer of plaintiffs' action against the Waagner defendants to Colorado, plaintiffs' preferred jurisdiction, because plaintiffs would have otherwise been barred from refiling by Colorado's two year statute of limitations. *See* 257 F.Supp.2d at 734–35. Plaintiffs urge the Court to apply its reasoning in *Waagner* to the case at bar. The very different procedural posture here, however, makes *Waagner* inapposite. In both *Waagner* and *Thyssen and Beton,* plaintiffs requested transfer as part of their response to the defendants' motion to dismiss for lack of personal jurisdiction. Accordingly, I was able to consider, pursuant to the transfer statutes, whether dismissal or transfer was warranted. *See Waagner,* 257 F.Supp.2d at 721; *Thyssen and Beton,* 257 F.Supp.2d at 649. Here, plaintiffs did not broach the possibility of transfer until nearly eight months after the dismissal ruling (with their May 5, 2003 letter to the Court) and did not formally move and brief the issues until over a year after the dismissal. Furthermore, plaintiffs have failed to adequately address in either their original or their renewed motion to sever, amend, and transfer whether a new claim against Siemens Austria would be time-barred or eligible for the doctrine of equitable tolling in California.

other district or division where [an action] might have been brought"); 28 U.S.C. § 1406(a) (authorizing transfer "to any district or division in which [an action] could have been brought"). To supplement the motion now would be untimely and prejudicial.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs' motion is denied in its entirety, with prejudice. The Clerk of the Court is directed to close this motion [docket # 59].

SO ORDERED: